The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
You have presented the following question for my opinion:
 Is it legal for a city council member who is also a city volunteer firefighter to receive the $6.00 or $7.00 stipend that all firefighters receive for attending fire department meetings approximately four times per year?
RESPONSE
It is my opinion that it is legal for a city council member who is also a city volunteer firefighter to receive the stipend for attending fire department meetings.
As an initial matter, I must point out that I am assuming, for purposes of your question, that the fire fighter in question is not the fire chief and is not in a highly-compensated position with the fire department. This assumption is significant, because if the individual is the fire chief or is highly compensated as a firefighter, his dual service on the city council and in the fire department may be prohibited by the principles that govern dual office holding. For a discussion of this issue, see Ops. Att'y Gen. Nos. 2001-296; 96-025; 95-178. Those opinions discussed the issue of whether certain members of fire departments are permitted to serve on the city council under the authority of A.C.A. §14-42-115, which states:
 (a)(1) It is lawful for a volunteer firefighter or a volunteer police officer in any city of the first class, city of the second class, or incorporated town in this state to seek election to, and if elected, to serve as a member of the city council or other governing body of the city or town.
 (2) This service shall not be deemed a conflict of interest and shall not be prohibited by the civil service regulations of any city or town.
 (b) A person may serveand receive compensation as a member of the governing body of any city of the first class, city of the second class, or incorporated town and simultaneously serve as a volunteer firefighter or a volunteer police officer and receive compensation as a firefighter or a police officer.
 (c) The provisions of this section shall not apply after August 13, 1993, to any city having a city administrator form of government.
A.C.A. § 14-42-115 (emphasis added). As discussed in the opinions cited above, the language of the emergency clause of Act 124 of 1981 (the Act from which A.C.A. § 14-42-115 was encoded), indicates that the Act was intended to apply to volunteer firefighters who receive a "small amount of pay" only when called upon to "render fire service duties." Acts 1981, No. 124, Emergency Clause.
It is my opinion that the emergency clause of Act 124 of 1981 is also helpful to a determination of the meaning of "compensation," as used in A.C.A. § 14-42-115, and of whether the stipend for department meeting attendance constitutes "compensation." Because attendance at fire department meetings is a duty that is imposed upon volunteer firefighters, in my opinion, it constitutes a "fire service dut[y]" within the meaning of the emergency clause. Accordingly, the stipend that is paid to firefighters for rendering that duty constitutes "compensation" within the meaning of A.C.A. § 14-42-115.
For this reason, I must conclude that the language of A.C.A. § 14-42-115
should be interpreted to authorize volunteer firefighters who serve on the city council to receive the stipend for attending fire department meetings.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General